## Lay on Appeal.

(Decided November 8, 1912).

## From Whitley Circuit Court.

1. Counties—Organization of—Jurisdiction—Prosecutions Pending in old Counties.—After the organization of the County of McCreary, the courts of that county alone had jurisdiction of offenses committed within ıts bounds, although prosecutions therefor were then pending in one of the old counties out of which it was formed.

2. Same—Change of Venue.—It was the duty of the court in which such prosecutions were pending to transfer them by change of venue to the McCreary circuit court.

3. Same—Transfer of Prosecutions—Costs of.—The cost of the transfer must be paid by the old county from which the transfer was made, as other claims against the county are paid.

TYE & SILER for appellant.

JAMES GARNETT, Attorney General; CHAS. H. MORRIS, Assistant Attorney General for Commonwealth.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Dismissing Appeal.

L. P. Lay, the clerk of the Whitley Circuit Court, appeals from the following order made in that court on June 15, 1912:

"Came J. B. Snyder, Commonwealth Attorney for the 34th Judicial District, and entered his motion to change the venue of the following styled cases to the county of McCreary, State of Kentucky, and the court, after considering said motion and being advised, sustains said motion and finds that the defendants each and all reside in the confines of the said county of McCreary and all witnesses on the various indictments also reside in the bounds of the said county of McCreary, and it is most practical on account of the large docket of the Whitley Circuit Court, and on account of the small docket of the county of McCreary that this is the best course to pursue. The cases are as follows, to-wit: (Here follows a list of cases.)

It appearing in the first thirty-seven cases above mentioned that the defendants are not summoned, or before the court, and that a copy of the indictment only is necessary to be kept on file in the clerk's office of the Whitley Circuit Court, the clerk is directed to make and

retain a copy of the said indictments in the clerk's office and to transfer the original indictment to the county of McCreary and to the circuit clerk thereof, by himself or a deputy, for which the clerk is allowed the usual fees for making copies of records.

"It appearing that on the last six above mentioned cases the defendants are before the court and appeared in open court in person and by attorney and consented to said motion, and, in addition to making a copy of the indictments the clerk will also make and retain in his office a copy of the process and return of the officer thereon and retain in his office, and transfer the original with the indictment to the clerk of the circuit court in and for the county of McCreary as soon as practicable, by himself or an authorized deputy, for which he will be paid by the fiscal court of Whitley county, the usual fees for such copies of such papers.

"To all of which L. P. Lay, clerk of the Whitley Circuit Court objects and excepts and prays an appeal to the Court of Appeals, which is granted."

In Commonwealth v. Meadows, 149 Ky., 769, we held that where a crime has been committed in the territory which is now McCreary County, the courts of that county have jurisdiction of the offense, although an indictment may be pending against the defendant in the circuit court of one of the old counties for the offense; that the courts of the new county do not however acquire jurisdiction until the organization of the new county is complete, and the courts of the old county have jurisdiction until then. Section 1145, Kentucky Statutes, is as follows:

"All offenses shall be tried in the courts, or by the tribunals of that county or city having jurisdiction of them in which they were commited, except in cases otherwise provided for."

Sections 166, 167 and 230 of the Criminal Code are as follows:

"If the demurrer be sustained, on account of its appearing that the offense was not committed within the jurisdiction of the court, and it appear that the offense is a felony, and was committed in the jurisdiction of another court of this State, the court shall make an order that the clerk transmit to the clerk of the court having jurisdiction of the offense, a copy of the indictment, and all the original papers, including the bail bond, if any there be; and if the defendant be in custody, that he be

carried and delivered, with a copy of the order, to the jailer of the county to which the papers are directed to be transmitted; and said order, and the proceedings in obedience thereto, shall operate in all respects as an order of a magistrate holding a defendant to answer the charge, according to title 4; and the bail, if any, shall be liable for the appearance of the defendant, to answer an indictment, in the court to which the papers are transmitted, and shall have the right of surrendering the defendant to the jailer of that county, or to that court.'' (Section 166, Criminal Code.)

''The same orders may be made, and proceedings had, whenever it appears on the trial, by proof, that the offense, being a felony, was committed out of the jurisdiction of the court in which the indictment was found, but within the jurisdiction of another court of this State.'' (Section 167, Criminal Code.)

''If, during the trial, it shall appear that the offense was committed out of the jurisdiction of the court, but within the jurisdiction of some other court of this State, the court shall stop the trial, discharge the jury, and take the proceedings in the case directed in sections 166 and 167.'' (Section 230, Criminal Code.)

The act creating the county of McCreary provides:

''The several counties from which McCreary County is taken shall have jurisdiction to their limits, the same as before this act was passed, until the officers for Mc-Creary County shall have been appointed, as herein provided, and shall have qualified as provided herein.''

It necessarily follows that after the officers of Mc-Creary County have been appointed and qualified, they alone have jurisdiction. But as it was manifestly not intended that all pending prosecutions should be abated, the courts in which they are pending have power to remove them to the proper county for trial. By operation of law the jurisdiction over the cases is transferred from one forum to another, and power to carry the transfer into effect must be implied.

The Whitley Circuit Court had jurisdiction to transfer by change of venue to the circuit court of McCreary County all criminal proceedings pending in the Whitley Circuit Court where the offense was committed within the bounds of the county of McCreary; for the courts of that county after its organization alone had jurisdiction to try these cases, although the Whitley Circuit Court had jurisdiction to try them up to that time. When the

Whitley Circuit Court lost jurisdiction over the cases by reason of the organization of the new county, it was proper that it should transfer them to the court having jurisdiction. The court was without authority to transfer any case to the McCreary Circuit Court on the ground that the defendant resides in McCreary County or that the witnesses reside there or that it is most practical to try the case there on account of the small docket of the McCreary Circuit Court. The cases must be tried in the court having jurisdiction of them. In the six cases in which the change of venue was made by consent the McCreary Circuit Court properly has jurisdiction.

As the change of venue is required by law, the cost must be paid as provided in the Kentucky Statutes in other cases of change of venue. Sections 1115 and 1119, Kentucky Statutes, provide:

"When the prosecution is so removed, the clerk of the court shall immediately transmit the original papers, together with a transcript of the orders pertaining thereto, to the clerk of the court to which the removal is ordered, after making out and retaining a copy of such original papers. The transfer shall be made by the clerk, his deputy or some discreet person for whom the clerk shall be responsible. The applicant, if the defendant, shall, before such order of removal is made, pay the clerk for making such copy, and also ten cents a mile for necessary travel in going and returning in making such transfer." (Section 1115, Kentucky Statutes.)

"If the change of venue is granted to or on the application of the Commonwealth, all the costs of the removal shall be paid by the county from which the removal is had, in the same manner as other claims against the county are paid." (Section 1119, Kentucky Statutes.)

Under these statutes the circuit court properly directed the clerk to retain a copy of the indictments and of the process where process had been served. While the order does not in terms direct the clerk to make a transcript of the orders pertaining to each case, this is its effect under the statute, and the clerk's fees for making the copies and transmitting the papers as directed by the order, must be paid by the county of Whitley in the same manner as other claims against the county are paid.

The presumption is that the circuit court decided properly unless the record shows otherwise. Whether this rule should be applied to the order before us, which

recites certain reasons for its being made, we need not determine. It may be true that a good reason existed for the order although a bad reason is recited in it. However this may be, the order is valid until set aside by the court making it or reversed; it will protect the clerk in obeying it, and will entitle him to his pay from the county for his services under it. If in fact any case has been improperly transferred, the order may be set aside on reasonable notice by the court making it or the case may be remanded by the McCreary Circuit Court.

Neither the Commonwealth nor any of the defendants in the prosecutions set out in the order, are parties to the appeal before us. We cannot, therefore, reverse the order, as the necessary parties are not before us on the appeal. But in order that there may be no confusion in the administration of justice, we have indicated the law governing the matter.

Appeal dismissed.