# Commonwealth v. Kelly et al.

(Decided June 18, 1929.)

J. W. CAMMACK, Attorney General, JAMES M. GILBERT, Assist-
ant Attorney General, W. J. BAXTER and E. H. JOHNSON for ap-
pellant.

R. L. POPE, J. SMITH HAYS, and G. I. RADER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Certifying
law.

The grand jury of Harlan county returned an indict-
ment against A. Z. Kelly, Alex Napier, and Charles
Smith, charging them with the murder of Floyd Ball,
sheriff of the county. The defendants applied for a
change of venue on the ground that they could not obtain
a fair and impartial trial in Harlan county. The reasons
assigned were bias and prejudice on the part of the
public, due to the prominence of the deceased and his
family, to inflammatory articles appearing in the news-
paper, and to the mob spirit prevailing in the county.
After a hearing on the question, the Harlan circuit court
transferred the case to Clark county for trial. A trial

there at the September, 1928, term resulted in a hung jury. The case was then reassigned for trial at the succeeding term. When called, the defendants filed an affidavit alleging their poverty, and asking a continuance because of the absence of all of their material witnesses. The continuance was granted and the case assigned for the first day of the April, 1929, term. On the calling of the case defendants again asked a continuance, because of the absence of all their material witnesses. At this stage of the proceeding the defendants moved the court to remand the case back to Harlan county, on the ground that they were financially unable to procure the attendance of their witnesses, and that the excitement and sentiment that prevailed in Harlan county when the case was transferred no longer existed, and that they could obtain a fair trial there. After considering the affidavits and hearing the witnesses orally, the Clark circuit court entered an order remanding the case to Harlan county. The commonwealth appeals, for the purpose of having the law certified.

So far as concern the question here presented, the applicable statutes are as follows:

Section 1118: "Not more than one change of venue or application therefor shall be allowed to any person or the commonwealth in the same case."

Section 1120: "That whenever the judge of any circuit court in this commonwealth, in which an indictment charging the defendant or defendants with a felony is or may be pending, by change of venue from the county where the alleged crime was committed on the ground that there existed, at the time the venue was changed, a state of lawlessness among the citizens of such county by which the officers were prevented from discharging their duties, or jurors deterred from rendering impartial verdicts through fear or otherwise, shall be satisfied from personal knowledge, or from reliable information furnished in court by affidavit or oral testimony, that a state of lawlessness sufficient to prevent officers and jurors from discharging their duties no longer exists in said county, it shall be the duty of the court to transfer the cause to the circuit court of the county where the indictment was found."

Section 1121: "Such transfer may be made upon motion of the Attorney General or of the commonwealth's attorney, regular or pro tem., of the district which in-

cludes the county where the indictment is pending, upon ten days' notice in writing to the defendant or defendants in the indictment, unless notice be waived in open court by the defendant or defendants.''

The commonwealth insists that the Clark circuit court was without power to transfer the case back to Harlan county, since the order, in so far as the defendants were concerned, was in effect a second change of venue, and therefore prohibited by section 1118, Kentucky Statutes, supra. In our opinion, the remanding of a case back to the county where the prosecution originated is not a change of venue. Sections 1120 and 1121, supra, are a part of chapter 162, Acts 1893. The title of that act is ''An act to provide when and how criminal causes pending in the circuit court of any county, by change of venue from another county, may be transferred to the county where the prosecution originated.'' Not only is it clear from the foregoing title, but from the body of the act, that the Legislature did not regard the remanding of a case back to the county where the prosecution originated as a change of venue, but to so hold would in effect nullify sections 1120 and 1121, supra, as well as the other provisions of the act of which they are a part, and thus defeat entirely the purpose of the Legislature in their enactment.

We are not disposed to the view that the transfer of a case to the county where the prosecution originated can be made only on motion of the Attorney General or commonwealth's attorney. Section 1121, supra, merely provides that such transfer may be made upon the motion of either, and contains no language qualifying or limiting in any way the broad power given the circuit court by section 1120 to transfer the cause to the circuit court of the county where the indictment was found, when satisfied either from personal knowledge or reliable information that the conditions on which the change of venue was made no longer exist. Nor are we inclined to take a narrow view of the words ''state of lawlessness'' as used in the statute. The language of the statute is ''a state of lawlessness among the citizens of such county by which the officers were prevented from discharging their duties, or jurors deterred from rendering impartial verdicts through fear or otherwise.'' This language is not confined to the presence of mobs or open acts of violence, but a state of lawlessness exists when the public

feeling against the accused has been so aroused or inflamed as to deter jurors from rendering an impartial verdict, whether from fear, prejudice, or passion, or some other disqualifying cause. Whenever the judge of the circuit court to which the case has been transferred is satisfied, either from personal knowledge or reliable information furnished in court by affidavit or oral testimony, whether furnished by the accused or some one else, that such a state of lawlessness no longer exists in the county where the indictment was found, it becomes his duty to transfer the case back to that county. We therefore conclude that the Clark circuit court had the power to remand.

Wherefore this opinion is certified as the law of the case.