## Commonwealth v. Kelly.

(Decided Dec. 18, 1936.)

B. M. VINCENT, Attorney General, A. E. FUNK, Assistant Attorney General, and G. MURRAY SMITH for appellant.

J. SMITH HAYS, WILLIAM HAYS, GOLDEN, LAY & GOLDEN and R. L. POPE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Boyd Kelly was indicted in the Harlan circuit court for the murder of Fred Lewis. The motion of the Commonwealth to grant it a change of venue was overruled and the case went to trial before a jury from Bell county. It resulted in the conviction of the defendant, but the judgment was reversed. Kelly v. Commonwealth, 260 Ky. 715, 86 S. W. (2d) 695. When the second trial was called, an order was entered on the 7th day of the August term, 1936, merely reciting the renewal of the motion for a change of venue and sustaining it. The court then ordered the case transferred to Clark county. On the 9th day of the term a more elaborate order was made, in which it is stated that "the defendant and his counsel· agreed to and joined in said motion for a change of venue." It is further recited that the Commonwealth agreed that the case should be sent to Clark county for trial, and it was so ordered "in accordance with the agreement."

The Commonwealth's attorney for that district filed a motion in the Clark circuit court to remand the case to the Harlan circuit court on the following grounds:

"[a] Because the petition on which said order was based makes no objection to any adjacent county to Harlan County; nor does said petition asking for a change of venue of this cause from Harlan Circuit Court state any objection to any convenient county.

"[b] Because this Court will take notice that adjacent to Harlan County are the counties of

Letcher, Perry, Leslie and Bell, [Bell County being in the same Judicial District as Harlan County.]

"[c] Because this Court will take notice that to come from Harlan, Harlan County, Kentucky by highway the Counties of Bell, Knox, Whitley, Laurel, Rockcastle and Madison Counties have to be traversed by highway more than 168 miles, by railway 160.5 miles.

"[d] Because no objection in the record to any adjoining County nor to any convenient county as contemplated by the Statutes.

"[e] Because the order transferring this cause to the Clark Circuit Court shows that the parties agreed to and joined in the motion for a change of venue and agreed that said case be sent to Clark County for trial, all of which is erroneous and any agreement to confer jurisdiction null and void."

The defendant demurred to the motion, traversed the conclusions, and prayed that it be overruled. The court did overrule it, and the Commonwealth's attorney has brought an appeal, asking a certification of the law.

The granting or refusing of a motion for a change of venue lies within the discretion of the trial court when asked by either of the parties in accordance with the statutes. If in lieu of hearing evidence the parties agree that the grounds do exist, we perceive no reason why the court may not so adjudge. Having determined that a change of venue should be granted, the court is confined to transferring the case to an adjoining county to which there is no valid objection, or, conditionally, to the most convenient county not adjacent. Section 1109 et seq., Kentucky Statutes. The selection of the county within the limitations of the statute is a matter of judicial discretion of equal force. The same consideration must be given this part of the proceeding as in the first, that in lieu of hearing evidence the court has the right to approve the agreement of the parties and authorize the change of venue to the county agreed upon. Many of our opinions reflect such basis of action. The jurisdiction is not conferred by the agreement. That is done by the statute. It is a matter of which forum shall be chosen in order to assure a fair trial. Salter v. Salter's

Creditors, 69 Ky. (6 Bush) 624. As was said in Lightfoot v. Commonwealth, 80 Ky. 516:

> "While the defense might object to the removal of the cause in any other manner than that provided by the statute, we preceive no objection to the jurisdiction of the court to try the case in a county selected by the defense, and to which the attorney for the commonwealth consents. This class of cases is embraced within the jurisdiction of the circuit court."

This case was, therefore, properly removed and pending in the Clark circuit court. Under the provisions of section 1117 of the Statutes, that court has the same jurisdiction to dispose of the case as the Harlan circuit court. Where the change of venue was upon the ground that in the county in which the alleged felony was committed there existed at the time a state of lawlessness, by which the officers were prevented from discharging their duties, or jurors deterred from rendering impartial verdicts through fear or otherwise, and the court to which the case has been transferred is satisfied from personal knowledge or reliable information furnished by affidavit or testimony that such state of lawlessness no longer exists in the county from which the case was transferred, it shall be his duty to retransfer the cause. Sections 1120, 1121, Kentucky Statutes; Commonwealth v. Kelly, 230 Ky. 122, 18 S. W. (2d) 953.

The grounds on which the trial of this case was transferred from Harlan to Clark county were not only that there was a lawless condition such as is described in section 1112, but others having particular application to the defendant Kelly and his connections and relations in the county. We must ignore the allegation of congested docket, as such is not a ground for change of venue.

All other considerations aside, it is sufficient to say that the allegations of the Commonwealth's attorney in his motion to retransfer the case to Harlan county were traversed and no evidence was submitted to support them. The court, therefore, properly overruled the motion.

This opinion is certified as the law of the case.

The whole court sitting.