## Marion v. Commonwealth.

(Decided May 11, 1937.)

730

VICTOR A. JORDAN for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

On his separate trial under indictment jointly with Arnold Clift and Roy Hale, the appellant, Perry Marion, was convicted of the murder of Mrs. Reed Taylor and sentenced to death. The facts of the conspiracy to rob the store of Reed Taylor, during the commission of which both he and his wife were killed, are related in the opinion of Clift v. Commonwealth, 268 Ky. 573, 105 S. W. (2d) 557, delivered May 7th. As therein stated, Clift testified on this trial that the appellant, Marion, did the killing. The appellant testified that on entering the store he warned Clift that there should be no shooting; that Mrs. Taylor came in and fired first and then Clift shot her husband and then her, firing four times altogether; that he did no shooting whatsoever.

It is argued for reversal of the judgment that the court erred in overruling the appellant's demurrer to the indictment because it is in fact five indictments instead of one. For the purpose of charging the commission of murder in five different ways, or stating it in different counts, the indictment is divided. Each of these divisions contains both an accusatory and a description and concludes with the statement that the crime was "contrary to the form of the statute in such cases made and provided and against the peace and dignity of the Commonwealth of Kentucky." Each di-

vision is a complete indictment within itself except for a caption and the signature of the Commonwealth's attorney and the indorsement that it is a true bill, signed by the foreman of the grand jury. The first paragraph charges the three men committed the murder in pursuance and consequence of confederating and banding together and going forth armed for the purpose of committing robbery (section 1223, Statutes). The second count charges that the three of them murdered Mrs. Taylor. The other three counts charge each one as principal and the other two as aiders and abettors, respectively. We have often held that an indictment may charge a conspiracy and also in separate counts charge that the offense was committed in one or more other ways. It is still one indictment charging but one offense. Philpot v. Commonwealth, 236 Ky. 831, 34 S. W. (2d) 718. The repetition of the accusation and the conclusion is surplusage and does not render the indictment defective.

The instructions submitted only the accusation that the crime was committed in pursuance and furtherance of the conspiracy to rob. The criticism is that the instructions should have been confined to the charge stated in the last count of the indictment, that is, of Roy Hale, as principal, and the appellant, Marion, as an aider and abettor; or, at least, that there should have been an instruction under that count in addition to that given, since, if several persons are present at a killing, each may be guilty of different degrees of homicide, for one aiding and abetting may be guilty only of manslaughter if there is no previous malice on his part. See Mickey v. Commonwealth, 72 Ky. (9 Bush) 593. The basis of this argument is the evidence of the defendant and some conclusions drawn from some evidence of the Commonwealth respecting the size of the bullet that Clift fired the shots that killed Mrs. Taylor, which was against appellant's warning and expectation. The difficulty the appellant is in is that he, himself, testified that he entered into the conspiracy to rob the proprietor of the store and that it was in pursuance thereof that the killing occurred. A homicide committed or caused by one engaged in robbery or committing any other felony is murder, and this is so whether the person killed is the one upon whom or whose property the attempt is made, or of another interfering to prevent its success. Roberson's Kentucky Criminal Law, sec. 357; Jackson v. Com-

monwealth, 100 Ky. 239, 38 S. W. 422, 1091, 18 Ky. Law Rep. 795, 66 Am. St. Rep. 336; Williams v. Commonwealth, 258 Ky. 830, 81 S. W. (2d) 891. Coupled with this universal law is that which declares that one participating in a conspiracy to commit robbery is held accountable for any act done by any member of the conspiracy in furtherance of the design, and cannot escape the consequences. Tincher v. Commonwealth, 253 Ky. 623, 69 S. W. (2d) 750. There was no need for any further instruction. But if one had been given it must have been to the effect that under the circumstances the appellant was guilty of murder if his companion, Clift, did actually kill Mrs. Taylor, as appellant claims.

It was not error to admit evidence as to the mutilated condition of the body of the deceased when found by her little boy the next morning, or as to the fact of the killing of her husband. Gambrel v. Commonwealth, 241 Ky. 39, 43 S. W. (2d) 335; Warner v. Commonwealth, 255 Ky. 361, 74 S. W. (2d) 201; Thornsberry v. Commonwealth, 256 Ky. 166, 75 S. W. (2d) 1079; Hudson v. Commonwealth, 249 Ky. 845, 61 S. W. (2d) 874.

A number of questions asked by the trial judge are submitted as being prejudicially improper. We have carefully examined every one of those interjections and questions and in no one was there any degree of incompetency or impropriety. They were made and asked for the apparent purpose of clarifying a situation or confining the testimony within proper limits. In the matter of Clift's testimony, the judge simply made it certain that he was testifying voluntarily. There is no merit in this contention.

It is a common-law right of a person being tried for the commission of a crime to be free from all manner of shackles or bonds, whether of hands or feet, when in court in the presence of the jury, unless in exceptional cases where there is evident danger of his escape or in order to protect others from an attack by the prisoner. Whether that ought to be done is in the discretion of the court, based upon reasonable grounds for apprehension. But, if this right of the accused is violated, it may be ground for the reversal of a judgment of conviction. Blair v. Commonwealth, 171 Ky. 319, 188 S. W. 390, 393. That rule is invoked by the appellant. The bill of exceptions shows that during the impaneling of the jury the defendant moved to discharge the panel

because he had been brought into court with handcuffs on and had been so manacled during the selection of the jury. The court had not noticed his situation until the motion was made. He stated his satisfaction that none of the jury had noticed that the accused was handcuffed as he had sat behind a table. When the motion was made, the court directed that the defendant should be free from shackles during the progress of the trial. The order overruling the motion for a new trial also states that the defendant had been handcuffed only a few minutes and, when the court's attention was called to his condition, he ordered him taken out of the room and the handcuffs removed. In the Blair opinion, we quoted with approval from 8 R. C. L. 68:

> "The failure, through an oversight, to remove shackles from a prisoner for a short time after proceedings have commenced, or any technical violation of the rule prohibiting shackling, not prejudicial to him, is not ground for a new trial."

In Donehy & Prather v. Commonwealth, 170 Ky. 474, 186 S. W. 161, 3 A. L. R. 1161, we held it proper that the sheriff, charged with the responsibility of safely keeping a prisoner, has the right, in his discretion, to handcuff one charged with murder when he is being taken to and from the court. It was further held in Young v. Commonwealth, 245 Ky. 570, 53 S. W. (2d) 963, that the prisoner could be manacled when taken with the jury to view the place where the crime was alleged to have been committed. It must be remembered that in the instant case the officers were dealing with a confessed desperado, who had shown no regard for the property or life of others. It would be trifling with justice to say that this incident was a prejudicial error.

An order of court relates it was agreed by counsel for the defendant and for the commonwealth that such a state of feeling existed in Laurel county as would prevent the defendant having a fair trial before a jury from that county; that the defendant moved the court to send to some other county for a jury and the Commonwealth and the defendant agreed both in person and by counsel that a venire be summoned from Madison county from which to select a jury. That was accordingly done. The appellant, through his present attorney (who did not represent him on the trial), contends that he was without power to waive the provisions of section 194, Crim-

inal Code of Practice, that the judge may authorize the summoning of a venire from another county only when he is satisfied that it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending until after he had made a fair, good-faith effort to obtain a jury in that county. This is not any constitutional or inalienable right of the defendant, but is a mere matter of procedure prescribed by the Legislature. If in lieu of presenting evidence the parties agree as to what that evidence would establish and agree further as to its effect and as to what ought to be done, there is no reason why the agreement should not be valid. And if valid it continues to be binding. Commonwealth v. Kelly, 266 Ky. 662, 99 S. W. (2d) 774.

The further point is made that the indictment was returned while the grand jury was not regularly in session. The defendant did not move to set aside the indictment on this ground and raised the question only in his motion for a new trial. In view of the importance of the case to the appellant, we pass over the question whether this did not come too late and was improperly presented. See Section 157, Criminal Code; Roberson, sec. 1898; Commonwealth v. Pritchett, 11 Bush, 277; Haggard v. Commonwealth, 79 Ky. 366. For the same reason we may, as does the appellant, look to the motion and grounds for a new trial and the order of court overruling his motion. There is no other order nor anything in the bill of exceptions pertaining to the situation. When the homicide occurred the grand jury had been adjourned until another day of the term then in session. It was reconvened by order of the court before the expiration of the recess and returned the indictment herein. As is manifested by the opinion in Taylor v. Commonwealth, 256 Ky. 667, 76 S. W. (2d) 923, the reassembling of the grand jury was in accord with the statutes and the authority of the court, and there was no irregularity in the indictment.

We perceive no error in the trial prejudicial to the rights of the defendant. He has been accorded a fair trial and must be regarded as the author of his own fate.

Judgment affirmed.

Whole court sitting.