## Commonwealth v. Cooper et al.

July 15, 1943.

248

Hubert Meredith, Attorney General, B. J. Bethurum, John M. Kennedy and J. L. Williams for appellant.

J. C. Baker, J. B. Carter, J. B. Wall and H. C. Kennedy for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

There are presented here the above and six other appeals from judgments of the Wayne circuit court, remanding the seven cases to the Harlan circuit court, whence they had been transferred for trial. The Commonwealth is appellant in each case, and the appellees are respectively the two above named, and (2) Elmer Creech and Paul Ball (3) John Gilbert and R. A. Finley (4) Bill Cantrell and Fred Blanton (5) Wm. and Steve Middleton (6) Dewey and Joanna Middleton (7) Clarence Poer and Berry Murphy. It is agreed by parties that identical questions of law are presented on each appeal, and that all may be heard together on briefs filed in the styled case; the court has so ordered.

On March 28, 1942, there was held in Harlan County a local option election, the certified result evidencing a majority of 644 votes against the proposal. There followed a vigorous contest, with the result that the lower court threw out several precincts because of gross frauds perpetrated in the conduct of election, wiping out the majority which had been certified. This court in Jackson v. Bolt, Nov. 17, 1942, 292 Ky. 503, 166 S. W. (2d) 831, upheld the judgment of the lower court, mildly remarking in opinion that the methods adopted and used by officers were bold and clumsy, possessing neither the charm of novelty nor the virtue of originality.

Appellees (election officers), at the May 1942 term of the Harlan court, were charged by indictment with certain fraudulent acts in the conduct of the election. The record before us shows prosecutions were continued from time to time, and were later set for trial at the October 1942 term, when the cases were continued to the February 1943 term. Continuances seem to have been granted on ground of inability of defendants to appear, and failure of officers to serve warrants, some

after bond forfeitures. This was in part true as late as the February 1943 term, when the cases were, after a year's delay, assigned for trial at the April 1943 special term. During this term dilatory motions were made, and after long delays and apparently much unnecessary skirmishing sufficient to put the trial Judge on notice that it would be almost an impossibility within a reasonable time to try the cases fairly, and which belief was shared by the Commonwealth's attorney pro tem., the latter officer in conformity with KRS Section 452.230 filed his motion to transfer the indictments to "another county of this Commonwealth for trial," accompanying the motion with conforming statement that due to the heated local option election and the frauds perpetrated, followed by the vigorous contest, and still later by the return of indictments, there existed a great deal of bitterness. This situation it was stated, would prevent some of the court's officers from properly discharging their duties, and would deter those selected as jurors "generally from impartially performing their duties, by reason of fear, timidity and otherwise." It was also pointed out that there had been good faith effort on the part of the court to give orderly and fair trials of these prosecutions, but these efforts have been blocked by the acts of defendants by absenteeism and other dilatory practices, thus hindering and obstructing the court in properly conducting the prosecutions. The record shows that the statement was filed on April 20, 1943, and the Court on the twenty-first sustained the motion. There was no objection to the motion, nor was there any further action on the part of defendants save to object and except to the court's ruling. In his order sustaining the motion the Court, after being "advised of and concerning the cases," transferred the several indictments, with records thus far made, to the Wayne court, assigning the case for the twenty-eighth of June, 1943. The Wayne court record shows that on June 22d the defendants filed in that court a number of affidavits to the effect that at the time of the transfer from the Harlan court there did not exist any of the conditions set out in the statement of the prosecuting attorney, and further that "now there exists no lawlessness, bitterness, excitement or feeling, or any other reason why the jurors and officers of Harlan could not act fairly and impartially." These were filed without notice and over the objection of Commonwealth's counsel.

At the same time the defendants moved the Court to remand the indictments. The motion was based on some several grounds, which were substantially that the record made in the Harlan court, and the statements of the Commonwealth's counsel, were insufficient to authorize the removal. Also failure on the part of the Commonwealth to give defendants notice in writing of the motion for change of venue, and without opportunity to defendants to respond or file counter-affidavits.

It was further charged that the statement was not verified. Lastly it was contended that the court should not have directed the change to Wayne County, which was not adjacent to Harlan. The judge of the Wayne court sustained the motion, giving specifically the following reasons: (1) Because the change of venue was not granted to the circuit court of an adjacent county most convenient to the parties, their witnesses and their attorneys. (2) Because no notice for change was served on either of the defendants or their attorneys, the court being of the opinion that since the record does not show that the change of venue was granted because of a state of lawlessness or other conditions of which the court had knowledge, plus the information contained in the statement of the Commonwealth's attorney, that reasonable notice of a motion for a change of venue should have been served on the defendants or their attorneys.

"For these reasons the Court is of the opinion that the change of venue was erroneously granted, and that the Wayne circuit court did not obtain jurisdiction of the persons of the defendants or of this prosecution."

The judgment specifically stated that "in reaching these conclusions the court has not considered any affidavits filed as exhibits to the motion to remand," and we note that the motion to remand did not include as a ground the nonexistence of such facts as is made the only basis for retransfer of an indictment by KRS 452.290, the only statute which gives authority to the court to which the indictment is removed to retransfer.

The court in directing retransfer on the grounds stated in the judgment, was undertaking to review the order of the Harlan court. We find no case which holds that the court has such power. Certainly the statute does not extend this power, but on the contrary limits the power of the transferee court to retransfer solely

upon the ground provided in KRS 452.290. The order made by the Harlan court is valid until set aside by that court or held invalid on proper appeal by this court. In re Lay, 150 Ky. 448, 150 S. W. 529.

We have frequently written that the matter of change of venue rests only in the discretion of the court in which the change is sought by either party. Commonwealth v. Kelly, 266 Ky. 662, 99 S. W. (2d) 774; Layne v. Com., 271 Ky. 418, 112 S. W. (2d) 61. In Canter v. Com., 274 Ky. 508, 119 S. W. (2d) 864, we held that this court, on appeal, is confined to the sole question as to whether or not the court in acting had abused discretion.

As the matter stands on the record before us, the question is whether or not the Judge of the Wayne court was in error in holding that because of lack of notice and the transfer was made to a non-adjacent county, the Harlan court "erroneously granted the change, hence the Wayne court did not obtain jurisdiction of the parties or the prosecution."

The recent case of Manning et al. v. Baxter, Judge, 281 Ky. 659, 136 S. W. (2d) 1074, 1075, 1076, clearly manifests that the Wayne court was in error in so holding. That case came to us on application for a writ of prohibition. Petitioners had been indicted in Laurel County for murder; the Commonwealth moved for a change to Madison, a non-adjacent county, after objections of one party or the other to removal to an adjacent county had been sustained. Upon call in the Madison court petitioners objected to the jurisdiction; the court overruled the objection, and petitioners moved for retransfer to Laurel. This motion was overruled, whereupon petitioners sought writ to prohibit Judge Baxter from proceeding with the trial. We denied the writ, and dismissed the petition, pointing out that the power conferred upon the court by sec. 110 of the Constitution was limited to control inferior courts only when acting beyond jurisdiction, or having jurisdiction were acting erroneously, where there was inadequate remedy to prevent irreparable injury. Petitioners sought to bring themselves within this rule and entitled to the relief by assertion that the Madison circuit court lacked jurisdiction, and that even if it had, if the Court should try the case it would act erroneously, and they would suffer injury, since appeal would not afford adequate remedy.

One contention was that the Laurel court had illegally placed the venue in a non-adjacent county. Another, that the Madison court lacked jurisdiction because the removal petition was insufficient in form or substance. We did intimate in that case that a change of venue can be sustained to a non-adjacent county only where objections are taken and sustained to all adjacent counties, a matter on which no evidence was offered or heard, though the removal recited that there were oral objections to all adjoining counties and sustained. We said:

"Thus it is seen that the Laurel Circuit Court made a ruling and determined that valid objections to the adjacent counties had been made. Its action, therefore, pursuant to that determination, in selecting a nonadjacent county * * * can in no sense be said to be void—such action, if wrong, was only erroneous."

We held the same in respect of the contention of insufficiency of petition. It did not appear whether the removal there was based on the section of the statute under which removal was made in the instant case, or under KRS 452.210, 452.220, where, as pointed out in briefs, the court is specifically limited. We went to some extent in pointing out that the Madison court had jurisdiction; that the petitioners' contentions, though called a challenge to jurisdiction, was in fact only a challenge to the venue of the action as laid in the Madison court. We suggested the apparent confusion of petitioners in discussing jurisdiction and venue, and said:

"The Madison Circuit Court undoubtedly has jurisdiction to try the class of action here involved, —it has jurisdiction of the subject matter. The question here is one of jurisdiction of the person, a question that relates, not to the court's jurisdiction, but to the venue of the action. The statutes, section 1109 et seq., governing the right to have an action transferred to another court recognize this by providing for a change of venue, not jurisdiction. Therefore, since the right of the Madison Circuit Court to try petitioners is dependent on a question of venue and not jurisdiction, that court is neither lacking in jurisdiction nor proceeding beyond its jurisdiction."

However, the real applicable point in that and in this case is evidenced by our conclusion that petitioners' contention that they would suffer irreparable injury, and had no adequate remedy by appeal if they were tried and convicted in the Madison circuit court, was without merit. We held that the fact that they might be unable to execute bond pending appeal in case of conviction, was not sufficient to take the case out of the general rule that appeal furnishes an adequate remedy. Burchell v. Tarter, Judge, 242 Ky. 612, 47 S. W. (2d) 75; Brewer v. Vallandingham, 231 Ky. 510, 511, 21 S. W. (2d) 831. We also found that the additional burden imposed on petitioners, that of inconvenience and expenses incident to the trial in Madison County, and the possible difficulty in procuring the attendance of witnesses, to be the usual and ordinary burdens resulting as consequence of change of venue, and did not amount to such injury as justified us in holding that complete relief was not to be afforded by appeal.

> "The petitioner will have the right of appeal should the case go against him upon final trial in the circuit court of the county to which it is to be removed, which will afford him an adequate remedy, if it should result that the respondent committed an error in changing the venue." Fish v. Benton, 138 Ky. 644, 128 S. W. 1067, 1068.

While the pronouncements above were made in cases where it was sought to control the action of the lower court, they well illustrate the correctness of the principle stated in the outset, that the Judge of the Wayne court was and is without power to make inquiry as to the manner, procedure, or effect of an order changing the venue, since the matter is to be reviewed upon appeal to this court in case of conviction, and may be retransferred only under the provisions of KRS 452.290. Hence the ruling of the Wayne court was erroneous, it not wholly void.

In reaching our conclusions we may say to counsel for appellees that we have not been influenced by such matters dehors the record as are set out in briefs for appellant; not only so, we have not given them consideration any more than we have of similar matter in the brief for appellee. Our conclusions have been reached solely by consideration of the transcript before us as

254

made up from the records of the Harlan and Wayne courts.

The appeal here is authorized by secs. 335 and 337 of the Criminal Code of Practice. The first section provides:

> "An appeal by the Commonwealth from a decision of the circuit court shall not suspend the proceedings in the case. The decision of the Court of Appeals shall be obligatory on the circuit courts, as being the correct exposition of the law."

Under this provision we need not consider whether the appeal is, or is not, from a final judgment; the Commonwealth may appeal in either event. Commonwealth v. Cain, 14 Bush 525, 77 Ky. 525. Having concluded that the Wayne court insofar as contentions are made on the record, has jurisdiction to try the indictments, the court was in error in deciding otherwise. As we said (for obvious reasons) in the Manning case, supra:

> "No opinion is expressed as to the correctness or incorrectness of the Laurel [here Harlan] Circuit Court's action in granting the change of venue."

The foregoing conclusion is certified as the law of each of the seven cases and the judgments are reversed for further proceedings in the Wayne court.