**Gene PARSLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1958.

Rehearing Denied March 20, 1959.

Ray C. Lewis, Lewis & Weaver, London, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., J. Milton Luker, Commonwealth's Atty., London, for appellee.

WADDILL, Commissioner.

Appellant, Gene Parsley, was convicted of rape and was sentenced to imprisonment for life. This is the second appeal of this case. On the former appeal the judgment of conviction was reversed because the Commonwealth's Attorney was permitted to make an improper and prejudicial argument to the jury. Parsley v. Commonwealth, Ky., 306 S.W.2d 284.

On the instant appeal it is contended that the court erred in: (1) Overruling the petition for change of venue; (2) admitting incompetent evidence; (3) instructing the jury; (4) overruling the motion for a new trial.

According to the petition for change of venue and the affidavits filed in support thereof, appellant could not obtain a fair trial in either Laurel or Knox County because of the publicity given the case by the local press and radio station. Upon a hearing it was established that numerous articles had appeared in the local paper concerning not only this case but other criminal charges pending against the appellant. However, the witnesses introduced in behalf of the Commonwealth were of the opinion that appellant could obtain a fair trial in Laurel County. At the conclusion of this hearing and after a jury had been selected and accepted by both parties without undue difficulty, the trial judge overruled the motion. Under these facts and circumstances it does not appear with reasonable certainty that the trial judge abused his discretion. Carnes v. Commonwealth, 306 Ky. 55, 206 S.W.2d 44; Commonwealth v. Cooper, 295 Ky. 247, 173 S.W.2d .128; Layne v. Commonwealth, 271 Ky. 418, 112 S.W.2d 61; Commonwealth v. Kelly, 266 Ky. 662, 99 S.W.2d 774.

Appellant insists that the court erred in overruling his objections to two questions propounded to Vivian Brown, the 14-year-old victim of the rape. She testified that appellant and Roy Burns had appeared at her home on two occasions during the afternoon of February 16, 1957, several hours before the appellant returned there and forced her to submit to sexual intercourse. During the course of her direct examination she was asked, "What did Roy Burns want?" She replied, "He wanted me to go to work." Later she was asked, "Tell the jury what happened when they returned at about six o'clock?" She answered, "They was wanting me to open the door. They was wanting to tell me something when I first went to the door." Miss Brown stated that during her conversation with Roy Burns the appellant was present. Appellant's claim that he didn't hear these conversations does not make the testimony incompetent. The prosecution was entitled to introduce this character of testimony as it established the fact that the victim was acquainted with her assailant and that he knew where she resided. No error was committed by the court in permitting the jury to consider this testimony.

It is further urged that appellant was entitled to a special instruction submitting his defense of alibi. An alibi is not an affirmative defense. Davis v. Commonwealth, 290 Ky. 745, 162 S.W.2d 778; Chaney v. Commonwealth, 286 Ky. 434, 150 S.W.2d 10. Inasmuch as appellant denied the facts constituting the offense with which he was charged, he was not entitled to a concrete instruction submitting his defense to the jury. The general instructions given by the court covered the law of this

case. Evitts v. Commonwealth, 257 Ky. 586, 78 S.W.2d 798; Morgan v. Commonwealth, 242 Ky. 116, 45 S.W.2d 850; Stanley's Instructions to Juries, Vol. 3, Sec. 771, pp. 15–18.

It is insisted that the court erred in overruling appellant's motion for a new trial on the ground that one of the trial jurors had expressed an opinion as to appellant's guilt prior to the instant trial. An uncontroverted affidavit states that Earl Watkins did not disclose on voir dire examination that he had expressed an opinion about the case. The affidavits of five persons stated that they and Earl Watkins were present on a certain occasion when rape charges against the appellant were discussed and during the discussion Watkins said, "Parsley had just got out of one rape case and right back into another, what about a man doing a trick like that * * * he ought to be hung." However, Watkins, the juror, filed an affidavit denying that he made the statement. He further stated that he had not formed or expressed an opinion concerning the appellant's guilt or innocence before he was accepted for jury service on the trial of the case.

If the trial court believed that the statements contained in the affidavits filed in support of the motions were true, the verdict should have been set aside and a new trial granted. However, the trial court accepted the affidavit of the juror and since the crucial issue was the credibility of the witnesses, the finding of the trial court is entitled to great weight. Shelton v. Commonwealth, 224 Ky. 671, 6 S.W.2d 1094; Mansfield v. Commonwealth, 163 Ky. 488, 174 S.W. 16.

In Combs v. Commonwealth, 255 Ky. 513, 75 S.W.2d 7, 8, the court said:

"The temptation, after conviction, to procure the needed evidence that a juror had formed and expressed an opinion prior to the trial, and the ease with which it may be obtained, are such that trial courts should proceed with great caution in ordering a new trial on that ground."

This Court has consistently held that the granting or refusal of a new trial rests largely in the sound discretion of the trial judge, and his ruling will not be disturbed unless it clearly appears that the court was in error. Riley v. Commonwealth, Ky., 271 S.W.2d 882; Commonwealth v. Shelton, Ky., 248 S.W.2d 895; Pennington v. Commonwealth, 310 Ky. 265, 220 S.W.2d 556; Cottrell v. Commonwealth, 271 Ky. 52, 111 S.W.2d 445; Cassell v. Commonwealth, 248 Ky. 579, 59 S.W.2d 544; Mansfield v. Commonwealth, 163 Ky. 488, 174 S.W. 16; Gleason v. Commonwealth, 145 Ky. 128, 140 S.W. 63. It appears that the trial judge has given this ground for new trial careful and full consideration and we have concluded after much deliberation that the trial judge did not abuse his discretion.

Appellant further urges that he was entitled to a new trial on the ground of newly discovered evidence. This evidence was the affidavit of Louella Cox which stated that she heard the mother of the victim admit she was mistaken in identifying appellant as the person who raped her daughter. This evidence would only tend to contradict, or impeach, the testimony of the victim's mother, and is not a sufficient ground for new trial. Bartley v. Commonwealth, 300 Ky. 152, 188 S.W.2d 102; Phillips v. Commonwealth, 227 Ky. 212, 12 S.W.2d 305; Harris v. Commonwealth, 226 Ky. 584, 11 S.W.2d 410. We also observe that appellant failed to show any diligence to discover this evidence prior to trial. Spurlock v. Commonwealth, 311 Ky. 238, 223 S.W.2d 910; Crouch v. Commonwealth, 172 Ky. 463, 189 S.W. 698.

Judgment affirmed.

BIRD, J., not sitting.