202

**Gene PARSLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 4, 1966.

See also Ky., 400 S.W.2d 203.

Gene Parsley, pro se, for appellant.

Robert Matthews, Atty. Gen., David Murrel, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Gene Parsley, a prisoner in Eddyville, appeals from the order denying his motion to vacate the judgment of conviction for which he is imprisoned. The RCr 11.42 motion was overruled without a hearing.

Parsley asserted two grounds upon which he deemed himself entitled to the relief: (1) That he was not afforded counsel at his examining trial, and (2) a witness for the prosecution furnished an affidavit in which the witness admits that her testimony identifying Parsley as the perpetrator of the crime was mistaken and erroneous.

The offense for which Parsley was convicted and is now imprisoned was rape. His sentence was imprisonment for life. The prosecution for rape was before this court twice. See Parsley v. Commonwealth, Ky., 321 S.W.2d 259, and Parsley v. Commonwealth, Ky., 306 S.W.2d 284.

■ The trial judge properly denied the instant motion without a hearing, because the only allegations of the motion reflect that the motion is without merit. Maggard v. Commonwealth, Ky., 394 S.W.2d 893; Maye v. Commonwealth, Ky., 386 S.W.2d 731.

■ The bare allegation that counsel was not furnished at the examining trial is not a basis for relief under RCr 11.42. There was no allegation of any prejudice flowing from that circumstance. Carson v. Commonwealth, Ky., 382 S.W.2d 85, cert. den., 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825.

■ As appears from the opinion in the second appeal, 321 S.W.2d 259, the same question as to newly discovered evidence was adjudicated which Parsley now advances as a basis for relief under RCr 11.42. Newly discovered evidence is not a ground for relief under RCr 11.42 anyway. Bell v. Commonwealth, Ky., 395 S.W.2d 784.

The judgment is affirmed.