**Archie STURGILL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 74–82.**

Court of Appeals of Kentucky.

Dec. 6, 1974.

Anthony M. Wilhoit, Public Defender, Paul F. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

Appellant Archie Sturgill was indicted for murder by the Knott County Grand Jury. He was tried in the Pike Circuit Court in September 1973 by reason of a change of venue from the Knott Circuit Court to the Pike Circuit Court. The jury found him guilty of voluntary manslaughter and fixed his punishment at 21 years' confinement in the penitentiary. He appeals from a judgment entered pursuant to the verdict on the single contention that the Pike Circuit Court did not validly acquire the right to try him. We affirm the judgment.

Sturgill was indicted in March 1972. Trial date was set in the May term of the Knott Circuit Court. It became necessary to discharge an unsworn jury convened on that date and the case was continued until the August 1972 term of the court. At the second scheduled trial, a full jury could not be seated and the trial judge discharged the jury and ordered that a panel of prospective jurors be obtained from Pike County. This same order also set the trial for December 11, 1972.

On December 11, 1972, a full jury could not be obtained from the panel of jurors summoned from Pike County. On December 15, 1972, the judge of the Knott Circuit Court entered a written order which recited that "the Commonwealth and the defense stipulated that the case should be venued (sic) to Pike County and it was so ordered." This order contained an endorsement that a copy of it was mailed to the acting Commonwealth's attorney and to the employed counsel for Sturgill.

No further action was taken by Sturgill until the case was called for trial in the Pike Circuit Court on September 17, 1973. At that time, Sturgill's counsel filed a written motion to have the trial continued because of the absence of a witness, and, according to a transcript of evidence, he also made an oral motion to have the case returned to the Knott Circuit Court. The trial court passed the case for trial on the following day. The oral motion to return the case to the Knott Circuit Court was denied.

Sturgill asserts that the Knott Circuit Court committed a substantial error of constitutional proportions when it transferred venue of his case "on the court's own motion", and that the Pike Circuit Court erred in the same degree of magnitude when it failed to remand the case to the Knott Circuit Court.

■ The order of the Knott Circuit Court does not purport to be based on sua sponte action by the trial judge. It recites that venue is transferred by reason of a stipulation between the Commonwealth and the defendant. We perceive no reason why statutory procedures to transfer venue of a case from one county to another may not be waived by agreement. The record reveals that from the entry of the Knott Circuit Court's order in December 1972 until the case was called for trial in September 1973 in the Pike Circuit Court, Sturgill did not question the accuracy of the recorded order changing venue in either the Knott Circuit Court where the order had been entered or in the Pike Circuit Court to which the order was directed. The only hint in the record on appeal of any inaccuracy in the order is a statement of Sturgill's counsel made in argument during the course of a hearing in the Pike Circuit Court that he did not agree or stipulate as was stated in the order under attack.

RCr 9.22 provides:

"Formal exceptions to rulings or orders of a trial court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the ac-

tion which he desires the court to take or his objection to the action of the court, and on request of the court, his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

■ In our view, Sturgill was under a duty to act within a reasonable time from the receipt of the Knott Circuit Court's order to make known to that court his objection to the action of the court and thereby record his assertion that the order was inaccurate and unauthorized. He failed to do so in spite of adequate opportunity, and his omission to act is all the more inexcusable in that no proper evidence of record was ever presented in either of the concerned courts regarding the alleged inaccuracy of the contents of the order.

■■ Although venue in a criminal action is the subject of constitutional concern under the provisions of Section 11 of the Constitution of Kentucky, it does not rise to the proportions of due process and fundamental fairness in this case. It really does not directly touch the determination of innocence or guilt. We conclude upon the record presented that the Pike Circuit Court did not err in proceeding with the trial of Sturgill. We find no prejudicial error properly preserved for review.

The judgment is affirmed.

All concur.