**COMMONWEALTH of Kentucky,
Movant,**

v.

**Troy HAMPTON, Respondent.**

**No. 90–SC–900–DG.**

Supreme Court of Kentucky.

Aug. 29, 1991.

Frederic J. Cowan, Atty. Gen., David Sexton, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for movant.

Guy E. Millward, Jr., Millward and Jewell, Carlos B. Pope, Barbourville, for respondent.

SPAIN, Justice.

Respondent Troy Hampton, the Knox County Court Clerk, was indicted for seven election law violations and for official misconduct. The two circuit judges for the Twenty–Seventh Judicial Circuit, which includes Knox County, recused themselves at the request of the respondent. A special judge was then named to preside over the case.

The Commonwealth filed a motion for a change of venue on February 8, 1989. After conducting a hearing, the trial court sustained the motion and informed the parties that a further hearing would be held to determine the county to which venue would be transferred if no agreement could be reached by the parties. Hampton filed a written objection to transferring the case to Laurel County, the home county of the prosecuting attorney, but did not object to the removal of the case to the three other adjacent counties; viz., Bell, Clay, and Whitley, nor to any nonadjacent county. The Commonwealth did not file any written objections but refused to agree to transfer the case to any adjoining county except Laurel County, and refused to agree to transfer it to any other county in the Fifth Congressional District.

Prior to any further hearing, the parties agreed upon Madison County as the county of venue. On June 14, 1989, an agreed order was entered in the Knox Circuit Court transferring the case to the Madison Circuit Court. It was ordered "pursuant to agreement of the defendant, and counsels for the defendant, Troy Hampton, and the Commonwealth Attorney, Thomas V. Handy, that the ... action be transferred to Madison Circuit Court as the county of venue for the trial...." The order was signed by the special judge, the Commonwealth's Attorney, and both attorneys for the defendant.

Subsequently, a judge of the Madison Circuit Court, *sua sponte*, ordered the retransfer of the case back to the Knox Circuit Court, stating: "This Court is of the opinion that venue is not a matter that may be agreed upon by the participants in a criminal proceeding; but rather, once a request for change has been made, it is a matter of judicial determination."

The Commonwealth appealed the order of the Madison Circuit Court to the Court of Appeals, which affirmed. The Court of Appeals stated that, since the Commonwealth, and not Hampton, had requested

the change of venue, the trial court was required under the venue removal statute, KRS 452.210, to "change the venue to the circuit court in an adjacent county to which there was no valid objection. If the court determined a fair trial could not be held in an adjacent county, then the court should have ordered the trial to be held in the most convenient county in which a fair trial could be had. That may or may not be Madison County." *Morris v. Commonwealth*, 306 Ky. 349, 208 S.W.2d 58 (1948). We granted discretionary review.

Section 7 of the Constitution of Kentucky provides that the ancient mode of trial by jury shall be held sacred. Section 11 states that the defendant shall have a speedy public trial by an impartial vicinage and, further, that "the General Assembly may provide by a general law for a change of venue in such prosecutions for both the defendant and the Commonwealth, the change to be made to the most convenient county in which a fair trial can be obtained."

The authority of a trial judge to order a change of venue in a criminal case is set out in KRS 452.210, which states that the judge in a criminal action may

... order the trial to be held in some adjacent county to which there is no valid objection, if it appears that the defendant or the state cannot have a fair trial in the county where the prosecution is pending. If the judge is satisfied that a fair trial cannot be had in an adjacent county, he may order the trial to be had in the most convenient county in which a fair trial can be had.

KRS 452.220(2) provides, in part:

If objections to all the adjoining counties are made and sustained, the change shall be made to the nearest county to which there is no valid objection, preference being given to counties of the same judicial circuit.

In *Morris*, we held that "[t]hese statutory and constitutional provisions are clear and mandatory." *Id.* 208 S.W.2d at 59. Relying on *Conley v. Commonwealth*, 229 Ky. 358, 17 S.W.2d 201, 202 (1929), in which the opinion quotes from *Kennedy v. Commonwealth*, 78 Ky. 447 (1880), the *Morris* court stated that:

These provisions, construed together, seem to contemplate that a change of venue shall always be made to an **adjoining** county, unless objection be taken to all of such counties, and it is only when there is no adjoining county to which objection has not been taken and sustained that the change is "to be made to the nearest county to which there is no valid objection." (Emphasis in original.)

Notwithstanding all of the above, in *Morris*, the Commonwealth and the defendant did not agree on a county of venue. The defendant in *Morris* was indicted in Wayne County and claimed that he was unable to obtain a fair trial there or in the other counties of the Twenty–Eighth Judicial Circuit; viz., Rockcastle, Pulaski, and Clinton. The Commonwealth did not join the defendant in his motion but rather filed counter-affidavits which admitted that the appellant could not obtain a fair trial in the Twenty–Eighth Circuit, but further alleged that he likewise could not obtain a fair trial in either McCreary or Russell County, which were the only remaining counties contiguous to Wayne. The trial court then entered an order sustaining the defendant's motion for change of venue, and in the order recited that, of his own knowledge, the defendant could not obtain a fair trial in any of the counties that were named by the parties, and transferred the case solely on the court's selection to the Fayette Circuit Court for trial. We held this to be error.

In contrast, the parties in this case agreed to Madison County as the county of venue, obviating the need for the Knox Circuit Court to hold a further hearing. The facts in this case are substantially similar to the facts found in *Commonwealth v. Kelly*, 266 Ky. 662, 99 S.W.2d 774 (1936). In *Kelly*, both the Commonwealth and the defendant joined in a motion for a change of venue. The Commonwealth agreed with the defendant to send the case from Harlan County to nonadjoining Clark County for trial. The Harlan Circuit Court ordered the move, but the Commonwealth

subsequently protested the change of venue in the Clark Circuit Court and asked for remand. The Clark Circuit Court denied relief and the Commonwealth appealed. We held:

> The granting or refusing of a motion for a change of venue lies within the discretion of the trial court when asked by either of the parties in accordance with the statutes. If in lieu of hearing evidence the parties agree that the grounds do exist, we perceive no reason why the court may not so adjudge. Having determined that a change of venue should be granted, the court is confined to transferring the case to an adjoining county to which there is no valid objection, or, conditionally, to the most convenient county not adjacent. Section 1109 et seq., Kentucky Statutes. The selection of the county within the limitations of the statute is a matter of judicial discretion of equal force. The same consideration must be given this part of the proceeding as in the first, *that in lieu of hearing evidence the court has the right to approve the agreement of the parties and authorize the change of venue to the county agreed upon.* Many of our opinions reflect such basis of action. *The jurisdiction is not conferred by the agreement. That is done by the statute.* It is a matter of which forum shall be chosen in order to assure a fair trial. *Salter v. Salter's Creditors,* 69 Ky. (6 Bush) 624. As was said in *Lightfoot v. Commonwealth,* 80 Ky. 516: "While the defense might object to the removal of the cause in any other manner than that provided by the statute, we preceive [sic] no objection to the jurisdiction of the court to try the case in a county selected by the defense, and to which the attorney for the commonwealth consents. This class of cases is embraced within the jurisdiction of the circuit court. (Emphasis added.)

*Id.* 99 S.W.2d at 775. Following this reasoning, we held in *Sturgill v. Commonwealth,* Ky., 516 S.W.2d 652, 653 (1974), "We perceive no reason why statutory procedures to transfer venue from one county to another may not be waived by agreement."

The decisions in *Morris* and *Kelly* are not, as it would seem at first blush, inconsistent with each other. The statutory requirement that a trial court first determine whether a fair trial can be had in an adjacent county, and thereafter, to a nonadjoining county, has proper application where the parties *cannot agree* to a new county of venue. But if the parties *can agree* on a county of venue where both sides can receive a fair trial, then the trial court should give substantial weight to the agreement of the parties and authorize the change of venue to the county agreed upon. The agreement dispenses with statutory requirements of a trial court to conduct an evidentiary hearing to determine whether the defendant could receive a fair trial in an adjacent county. It is irrelevant that the Commonwealth, and not the defendant, originally made the motion for a change of venue, especially in light of the undisputed fact that the parties mutually agreed to move the case to Madison County. Venue, unlike subject-matter jurisdiction, may be waived by the parties to a civil or criminal action by agreement or otherwise. CR 12.08(1); KRS 452.470; *Sturgill, supra; Jaggers v. Martin,* Ky., 490 S.W.2d 762 (1973); *Jarvis v. Jarvis,* 304 Ky. 253, 200 S.W.2d 475 (1947).

We next address the issue of whether the Madison Circuit Court erred when it reviewed the order of the Knox Circuit Court, which had transferred the case to its county. The Court of Appeals affirmed the authority of the Madison Circuit Court to review the order of the Knox Circuit Court which granted the venue change and upheld the power of the transferee court to retransfer the case back to the transferor court. The Court of Appeals stated in its decision that the Madison Circuit Court "did not reconsider the issue of a need for a change of venue in this case, but rather viewed the transfer to its court under the applicable statutes and case law." The appellate court also stated that the receiving trial court "determined the legal requirements had not been met in the selection of Madison Circuit Court as the new place of

venue. Its conclusion was a matter of law and not one of judicial discretion."

■ We disagree. The Madison Circuit Court erred when it reviewed the order of the Knox Circuit Court which had transferred the case to its venue. KRS 452.280 sets out the powers of the court to which the case is removed and, while that court is granted all "jurisdiction to dispose of the case as the court from which it was removed," it is not granted the authority or discretion to review orders previously entered by the transferring court. Thus, the Madison Circuit Court improperly assumed the role of an appellate court by ruling on the propriety of the order of the Knox Circuit Court. *Commonwealth v. Cooper*, 295 Ky. 247, 173 S.W.2d 128 (1943).

■ We also disagree with the Court of Appeals' holding that the Madison Circuit Court had the power to retransfer the case back to Knox County. The only authority found in our statutes for the retransfer of a case back to its originating county is KRS 452.290, which only allows a retransfer of a case where it is determined that a state of lawlessness has ended in the transferring county. *See* KRS 452.230. The Commonwealth quotes from *Cooper* which reasoning is applicable in this case:

> The court in directing retransfer on the grounds stated in the judgment, was undertaking to review the order of the Harlan court. We find no case which holds that the court has such power. Certainly the statute does not extend this power, but on the contrary limits the power of the transferee court to retransfer solely upon the ground provided in K.R.S. 452.-290. The order made by the Harlan court is valid until set aside by that court or held invalid on proper appeal by this court. *In re Lay*, 150 Ky. 448, 150 S.W. 529.

Since KRS 452.290 is inapplicable, we hold that the Madison Circuit Court erred when it retransferred the criminal indictments against Hampton back to the Knox Circuit Court.

The decision of the Court of Appeals affirming the order of the Madison Circuit Court is reversed and the case is remanded to the Madison Circuit Court for further proceedings.

STEPHENS, C.J., and COMBS, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

LAMBERT, J., not sitting.

Special Justice CARL R. CLONTZ concurs and dissents by separate opinion.

CARL R. CLONTZ, Special Justice, concurring in part and dissenting in part.

I concur in holding that the Madison Circuit Court exceeded its authority in reviewing the transfer order of the Knox Circuit Court and in remanding the cases. This ruling should have been dispositive of the discretionary review and it was unnecessary to address the propriety of the original transfer order.

Both Section 11 of the Kentucky Constitution and KRS 452.210 mandate that upon a finding that either party to a criminal case cannot receive a fair trial in the county of original venue, the case should be transferred to the "most convenient county in which a fair trial can be obtained." There was no finding that Madison County was the most convenient county in which a fair trial could be had and it is unlikely that such a factual conclusion could be reached. I believe the Knox Circuit Court erred when it did not comply with Section 11 of the Constitution and KRS 452.210. In *Morris v. Commonwealth*, 306 Ky. 349, 208 S.W.2d 58 (1948), it was held that the constitutional and statutory provisions were mandatory. I believe that case was decided correctly and that the majority erred in concluding the transfer to Madison County was proper. As a matter of policy, it seems that alternate venue in criminal cases should be determined by some means other than the agreement of counsel and the trial judge. The established policy seems reasonable and should be followed.

The fact that the parties agreed to the transfer does not make it proper—it only constitutes a waiver of their right to object or appeal. For these reasons, I concur in reversing the Court of Appeals and the

order of the Madison Circuit Court, and I respectfully dissent from the remainder of the opinion.