## Gillispie v. Commonwealth.

(Decided January 19, 1926.)

### Appeal from Greenup Circuit Court.

1. Rape—Conviction for Statutory Rape Held Not Contrary to Law or Without Support in Evidence.—Where defendant denied in toto prosecuting witness' testimony that he debauched her by force on a particular date, but admitted that he had carnally known her on an earlier occasion, held conviction for statutory rape was not contrary to law and without evidence to support it, on theory that jury, having rejected prosecutrix's testimony that she was debauched by force, must have rejected all of her testimony and convicted defendant on his own testimony as to the prior offense not covered by indictment.

2. Criminal Law—That Defendant was Required to Incriminate Himself by Testimony as to Other Offenses Held Not Ground for Complaint on Appeal.—That defendant was required to incriminate himself by testifying to occasions when he had carnally known prosecutrix prior to date of offense charged, held not ground for complaint on appeal, in absence of any claim of privilege at time of trial.

3. Rape—Evidence of Other Offenses than that Charged Admission in Corroboration.—In prosecution for rape, proof of occasions other than that charged when defendant has carnally known prosecutrix is admissible in corroboration.

4. Witness—Cross-Examination of Witness Affecting Attempt to Compromise Case for Defendant Held Proper.—Cross-examination of witness for defendant, as to whether or not he had tried to compromise case for defendant, held proper as affecting his credibility.

5. Criminal Law—Error Cannot be Assigned on Exclusion of Answers to Question in Absence of Avowal as to Answer Expected.—Error cannot be assigned on the sustaining of objections to questions propounded a witness, in absence of any avowal as to what witness, would have said if permitted to answer.

W. T. COLE and MONT WALKER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellant, Marion Gillispie, tried under an indictment which charged him with rape, was found guilty of the statutory offense of having carnal knowledge of a female under 18 and over 16 years of age and sentenced

to three years' confinement in the penitentiary. He prosecutes this appeal.

The chief reason urged by him why the judgment should be reversed is that it is not sustained by sufficient evidence and is contrary to law. That the argument is fallacious readily appears when it is analyzed. The prosecuting witness testified to a state of facts as having occurred on January 20, 1924, which, if believed in its entirety by the jury, would necessarily have resulted in a verdict and judgment for the crime charged in the indictment. She stated that that was the only occasion in her life when a man had carnally known her. Defendant denied *in toto* the testimony of the prosecuting witness as to the occurrences of January 20, 1924, but on cross-examination admitted that on an occasion previous to that time and some time in the year 1923 he carnally knew the prosecuting witness with her consent. The jury rejected the prosecuting witness' testimony that she was debauched by force. It is then argued for appellant that since the instruction submitting the statutory offense for which he was convicted confined the jury to the date January 20, 1924, and the jury rejected the prosecuting witness' testimony as to what occurred on that date and appellant denied having carnally known her in any way on that occasion, there was no evidence to sustain the verdict found by the jury. It is insisted that the jury must have found him guilty of the offense he admitted having committed on the occasion other than January 20, 1924, which it was not authorized to do under the instructions given. Hence, the argument that the verdict is not sustained by the evidence and is contrary to law. The fallacy of that argument lies in the assumption that the jury must accept or reject the testimony of each witness *in toto*. In view of the incredibility of the version of this affair given by the witness for the Commonwealth, we can readily understand how it rejected her testimony that her ruin was accomplished by force and by the use of some drug in a handkerchief which, as she testified, appellant held over her face. The jury must have rejected that testimony believing that if she had fought and resisted, as she claimed to have done, she would have attracted the attention of her mother, who was shown to have been not over forty feet away; and it is wholly incredible that appellant could have committed the acts constituting the offense charged as she testified after she

became insensible from some drug contained in a handkerchief which he held over her face and still have done so while they were standing upon their feet. The improbability that the thing occurred as she testified was further emphasized when it appeared from her testimony that she did not disclose what had happened until some five months later. The evidence as a whole discloses that appellant and the prosecuting witness were in the storehouse near appellant's home on the Sunday morning in question. She testified that the offense occurred as above indicated. He denied that he carnally knew her at all on that occasion. She subsequently gave birth to a child. He admitted that on a previous occasion he had carnally known her with her consent. The jury was not required to believe all or none of the testimony of the witnesses. In their discretion they may believe any part or all of the testimony of any of the witnesses or may disbelieve all of it. Under the facts of this case the evidence amply supports the verdict found by the jury. In fact, it is hard to understand how the jury could have reached any other than the verdict they did reach since the evidence without contradiction showed the prosecuting witness to be over 16 and under 18 years of age. It can be held neither that the verdict is flagrantly against the evidence nor that it is contrary to law.

It is with earnestness insisted for appellant that it was incompetent and improper to require appellant to testify as to acts constituting the statutory offense for which he was convicted at times other than that elected by the Commonwealth as its reliance for a conviction. The objection is that thereby appellant was required to incriminate himself and that it constituted evidence of offenses other than that for which he was being tried. If those objections were available to the evidence complained of they were waived because the record discloses that appellant neither claimed his privilege of declining to testify as tending to incriminate himself nor that the testimony in question was objected to. It has uniformly been held by this court that acts constituting the statutory offense of which appellant was convicted between the prosecuting witness and a defendant other than on the occasion elected by the Commonwealth as its reliance for a conviction are admissible in evidence in corroboration of the act relied upon. Earl v. Commonwealth, 202 Ky. 726; Smith v. Commonwealth, 109 Ky. 685, 60 S. W. 531; Newsom v. Commonwealth, 145 Ky. 627, 140 S. W.

1042; McCreary v. Commonwealth, 158 Ky. 612, 165 S. W. 981.

Appellant insists that the trial court erred in requiring his witness, William Martin, while being cross-examined by the attorney for the Commonwealth, to answer the question: "Now, I will ask if you didn't come to Fred Forson's home last Sunday morning a week ago and there at his home want to compromise this case for Marion Gillispie?" The answer was: "Yes, sir." Appellant's objection to that testimony is that nothing in the record shows the witness to have been his agent on that occasion. That was not the purpose for which the testimony was permitted to go to the jury. Upon the objection being made the trial court admonished the jury that they should consider that testimony for the purpose of affecting the credibility of the witness then testifying, if it did so, and for no other purpose. We think it clearly competent for that purpose. Beyond question it tended to show the interest and bias of the witness on belief of defendant, and was admissible as affecting his credibility.

Appellant complains of the action of the trial court in several instances in sustaining objections to questions propounded to his witnesses, and insists that he was prejudiced thereby. Reference to the record in every instance complained of discloses that no avowal was made as to what the witness would have stated if permitted to answer the question to which objection was sustained. Hence, as we have repeatedly and uniformly held the error, if any, was waived, since we have no way of knowing whether the answer would have been favorable or adverse to appellant.

This court's careful consideration of appellant's brief and of the record herein discloses that no error to the prejudice of his substantial rights was committed upon his trial herein, and the judgment must be affirmed.

Judgment affirmed.