Carl Thomas STASEL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 29, 1955.

728

Burlyn Pike, Shepherdsville, H. Solomon Horen, Louisville, H. H. Wilson, Munfordville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Shelby M. Howard, Commonwealth's Atty., Hodgenville, for appellee.

HOGG, Judge.

The appellant was indicted, tried, and convicted of the crime of rape and was sentenced to serve a term of ten years in the state penitentiary.

He seeks a reversal of the case and the chief error assigned concerns statements, alleged to have been prejudicial to his substantial rights, made by the Commonwealth's Attorney in his closing argument to the jury.

In view of our decision in this case, it is unnecessary to state the facts in detail. Gladys Shoemaker, single and 54 years of age, at her home in a rural section of Hart County on or about December 26, 1953, was raped. She testified that the appellant was the offending party. He denied the charge. The issue of fact was resolved against appellant by the jury, and the evidence is abundantly sufficient to sustain their verdict.

Appellant complains that during the course of the argument the Commonwealth's Attorney made several highly inflammatory and prejudicial statements to the jury which call for a reversal of the case. We have come to the conclusion that the case must be reversed because of one particular part of the argument. Objection to that part of the argument was duly made and exception was taken when the court overruled the objection. The argument of the Commonwealth's Attorney which was objected to and which we deem prejudicially erroneous, is as follows:

"Now, gentlemen, I want to ask you this. What would you think of your good County Attorney, Davis Williams; what would you think of your High Sheriff, Mr. Lyons; what would you think of me, your Commonwealth's Attorney; what would you think of your County Judge, David Stewart, if we didn't come into court and prosecute people who committed this kind of crime? What would you and the other people in Hart County think of us? *And I want you to ask yourselves, what do you think the good people in Hart County would think of you if you turned that man loose, with this woman getting up out of her chair and walking over and taking a hold of him and said, 'This is the man that committed the crime on me.'*" (Emphasis ours.)

We are of the opinion that this underlined statement to the jury transcended le-

gitimate argument, appreciating, as we do, the broad latitude which must be allowed counsel in presenting a case to the jury. The quoted statement was tantamount to telling the jury, with the approval of the court, that if they declined to render a verdict of guilty, as suggested by the Commonwealth's Attorney, they would receive the public disapproval of the citizens of the county. Counsel did not have the right to throw the force of such an appeal into the scale against defendant. Prosecuting attorneys, in their zeal to vindicate the law, should not allow the excitement of the case to lead them in their arguments to the jury beyond the domain of legitimate effort, even though an atrocious crime has been committed by some one, as in the instant case.

■■ The statement made by the Commonwealth's Attorney is very similar to the statements made by the prosecuting attorneys in their arguments in Jackson v. Commonwealth, 301 Ky. 562, 192 S.W.2d 480; Goff v. Commonwealth, 241 Ky. 428, 44 S.W.2d 306, and King v. Commonwealth, 253 Ky. 775, 70 S.W.2d 667. We reversed those cases on account of such statements, pointing out that it is never proper for an attorney representing the Commonwealth to make a remark in his argument which tends to cajole or to coerce a jury to reach a verdict which would meet with the public favor.

■ The appellant complains of other instances of alleged misconduct of the Commonwealth's Attorney in his closing argument to the jury. We have considered such misconduct and do not believe that any of such alleged instances would warrant a reversal. However, the statement with reference to the defendant being within the draft age was perhaps improper, although not so prejudicial as to call for a reversal in and of itself when the full text of what he said in that regard is considered.

The judgment is reversed for proceedings consistent with this opinion.