**Gene PARSLEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1957.

Calvert C. Little, London, for appellant.
Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Gene Parsley received a life sentence in the penitentiary upon his conviction of rape of Vivian Brown. He complains that evidence was admitted erroneously and the prosecutor engaged in improper argument. Other objections are urged but it is unnecessary to discuss them since they may not recur on another trial.

Virginia Rooney, who was engaged to marry appellant, testified for the defense. After the accused had closed his case in chief, she was recalled by the prosecution for further cross-examination as follows:

"Did you have a conversation with Vivian Brown after they claim this alleged trouble occurred? Yes, I did.

"In that conversation did you try to get her not to prosecute Gene, that you said you were pregnant by him, was that true or not?

"Objection overruled.

"Did you make that statement? I tried to get her to tell me. * * *

"The Court: Answer his question.

"Yes, I did.

"You told her you was pregnant by Gene Parsley."

After overruling appellant's motion to discharge the jury, the court admonished the jury to the effect that the testimony elicited was competent only for the purpose of impeaching the testimony of Virginia Rooney and was not to be considered as substantive evidence.

Later in the trial, the prosecution was permitted to cross-examine a character witness for appellant, thus:

"Did you hear Miss Rooney testify here? No.

"She testified that she told this girl over here that she was engaged to Gene Parsley and that she was pregnant.

"Objection overruled.

"Now, would you call if that is true would you call that person of good moral character or good morals that would do that?

"Objection sustained.

"At this point, the defendant, by counsel, moves the Court to admonish the jury not to consider the above question.

"The Court: Members of the Jury, that question is not competent."

Appellant insists that the introduction of any testimony concerning the pregnancy of his fiancee was improper. He objects that he should not have been put on trial for two crimes at the same time, that it is a collateral matter, and that it is a violation of Civil Code Section 597, now CR 43.07, forbidding the impeachment of a witness by proof of a particular wrongful act. Reliance is placed on Commonwealth v. Jackson, Ky., 281 S.W.2d 891, which deals with impeachment by a prior contradictory statement. Such is not the case here since this is a question of showing the interest of a witness.

█ The interest of a witness has been defined as being that which signifies the specific inclination which is apt to be produced by the relation between the witness and the cause at issue in the litigation. Wigmore, Evidence, Third Edition, Volume III, Section 945, page 497.

The pertinent rule has been stated in Holt v. Commonwealth, Ky., 259 S.W.2d 463, 465, as follows:

"It is competent on the cross-examination of a witness to elicit facts tending to show any bias or friendship of the witness for the party for whom he testified, and to show hostility towards the party against whom he is called. The scope and extent of cross-examination for this purpose rests within the sound discretion of the court. However, no more of the facts and circumstances should be admitted than are necessary to give a fairly intelligent understanding of the cause, nature and effect of the influence on the witness; but the door is not thrown wide open to prove in detail the reasons therefor, or to go into the merits of the controversy. 58 Am.Jur. 'Witnesses' § 715, pp. 386, 387; also see Annotations, 74 A.L.R. 1157."

██ The interest of a witness, either friendly or unfriendly, in the prosecution or in a party is not collateral and may always be proved to enable the jury to estimate credibility. It may be proved by the witness' own testimony upon cross-examination or by independent evidence. Underhill, Criminal Evidence, Fifth Edition, Volume 1, Section 246, pages 617 and 620; Campbell v. Commonwealth, 234 Ky. 552, 28 S.W. 2d 790; Sparks v. Commonwealth, 193 Ky. 180, 235 S.W. 767; Hayden v. Commonwealth, 140 Ky. 634, 131 S.W. 521.

The rule has been held to include evidence of an attempt to compromise in a rape case, Gillispie v. Commonwealth, 212 Ky. 472, 279 S.W. 671; and improper sexual relations, Haywood v. Commonwealth, 161 Ky. 338, 170 S.W. 624; Leach v. Commonwealth, 129 Ky. 497, 112 S.W. 595; Morrison v. Commonwealth, 74 S.W. 277, 24 Ky. Law Rep. 2493; and Holly v. Commonwealth, 36 S.W. 532, 18 Ky.Law Rep. 441.

Full discussions of the matter by Carroll, J., are contained in the Haywood and Leach cases.

■ The right to show interest by reason of marital or blood relation is unquestioned. An engagement to be married is one step removed from the marital relation. Pregnancy by the man to whom one is engaged would seem to create a closer relationship than that of being merely engaged. The conviction of the accused in this case is certainly more meaningful to Virginia Rooney by reason of her pregnant condition, since it would prevent him from rendering aid and comfort. The evidence as to pregnancy was competent to show the extent of the interest of the witness in the outcome of the prosecution and her relation to the accused. The evidence so admitted should have been confined to a showing of the interest and its extent under a proper admonition of the court to the jury as to its effect. The testimony, as admitted, was sought to be so limited by the trial court, but it is feared that the efforts of the trial court were brought to naught by the efforts of the prosecutor in seeking to have the jury consider it as substantive evidence. This is apparent from the examination of witnesses and is more apparent in the argument of the prosecutor to the jury.

■ Thirty-one objections were made to the final argument of the prosecutor. One was sustained, sixteen were overruled, and fourteen were ignored by the court, according to the record. The bases of the more serious objections are: that imaginary situations were pictured which had no foundation in the record; reference was made to a rape case in another county; the evidence of pregnancy was referred to as substantive evidence; and effort was made to cajole or coerce the jury in making its verdict. The latter objection was based on arguments to the jury that public sentiment demanded a conviction, that a guilty verdict would meet with public favor, and that a not guilty verdict would subject the jury to public contempt. The argument contained references to the dire consequences of a not guilty verdict, to law enforcement, and to the prosecutors. Space does not permit detailing the many instances of objectionable argument. The record discloses that it was very inflammatory and prejudicial and entirely unbecoming a prosecutor over whom the trial court exercised little effective control. May v. Commonwealth, Ky., 285 S.W. 2d 160; Stasel v. Commonwealth, Ky., 278 S.W.2d 727; Bowling v. Commonwealth, Ky., 279 S.W.2d 23; Adams v. Commonwealth, Ky., 263 S.W.2d 103; Sexton v. Commonwealth, 304 Ky. 172, 200 S.W.2d 290; King v. Commonwealth, 253 Ky. 775, 70 S.W.2d 667; Goff v. Commonwealth, 241 Ky. 428, 44 S.W.2d 306; Johnson v. Commonwealth, 217 Ky. 565, 290 S.W. 325.

Judgment reversed.