**Nicky WEBB, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

Paul E. Fagan, Moody, Fagan & Moody, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner. °

Appellant was convicted of maliciously shooting into an occupied automobile and his punishment fixed at confinement in the penitentiary for three years. KRS 435.170.

The sole ground urged for reversal of the conviction is that the Commonwealth's attorney made a prejudicial closing argu-

ment to the jury. We look at the evidence so that we can evaluate the contention in its proper perspective.

While appellant and Donald Anglin were riding in an automobile being driven by the latter on a rural road they came upon a parked automobile occupied by George Caylor and Ray Webb that was blocking the. road. After an exchange of epithets between these young men, the automobile occupied by Caylor was backed off appellant's side of the road. Then, as the automobiles were passing, appellant fired a shotgun shell into the Caylor automobile that tore through the top of the automobile at a place located above Caylor's head.

At the trial appellant pleaded self-defense. He testified that he discharged the shotgun after Caylor had drawn a pistol and made threats against him. Caylor contradicted appellant's version of the incident and testified that appellant shot into the automobile without provocation.

With this testimony in mind we consider the remarks of the Commonwealth's attorney that appellant contends were unfair and prejudicial.

"MR. COY: [The Commonwealth's Attorney]

"May it please the Court, Mr. Moody [appellant's attorney] and ladies and gentlemen. Mr. Moody has said this is a very serious matter to convict a 'kid' of eighteen of a felony and sentence him to the penitentiary. Let me suggest to you that you are not convicting this young man but that he stands convicted out of his own mouth. If he is eighteen years old, he is old enough to fight in the defense of this country, old enough under the rights of this constitution to vote as the ladies and gentlemen of this jury does and as Mr. Moody does and as the Commonwealth [sic] does. Then he is old enough to accept the responsibilities of

this community as a citizen and accept the responsibilities in adherence to and obedience to the law. He has evidenced he is not. There is no choice in this case but to return a verdict of guilty. Mr. Moody makes an appeal that if he is taken off the draft load then somebody else may have to go. If this young man is so anxious to go he probably would be in Vietnam right now. Evidently he likes to use firearms, evidently he likes to shoot at people.

"MR. MOODY: Object.

"THE COURT: Overruled."

Appellant contends that the Commonwealth's attorney's remarks about the "draft" and "Vietnam" were made for the purpose of creating the impression that he was guilty of draft evasion, thereby prejudicing the jury against him. On the other side of the case, appellee contends that the remarks could not have created the impression that appellant was a draft dodger because it was common knowledge that men of the age of appellant were not then being drafted. In this connection appellee maintains that the remarks were proper and relies upon the following statement which appears in 23A C.J.S. Criminal Law § 1096, page 157:

"Matters of common and general public information * * * properly may be referred to, and commented on, by the way of argument and illustration, * * *."

Appellee further contends that the remarks were beneficial to appellant because they reminded the jury that if the jury acquitted appellant he would have no criminal record and would later be eligible for enlistment in the Army. We are not impressed by either of the contentions.

■ We always give reasonable latitude to counsel in argument to the jury. It is only where it clearly appears that the argument has gone beyond bounds necessary to fasten guilt and has taken undue

advantage of the accused that we will reverse on the ground of improper argument. Wilson v. Commonwealth, Ky., 433 S.W.2d 864; Stallard v. Commonwealth, Ky., 432 S.W.2d 401, and Tarrance v. Commonwealth, Ky., 265 S.W.2d 40, 348 U.S. 899, 75 S.Ct. 220, 99 L.Ed. 706. Also see 23A C.J.S. Criminal Law § 1105, pp. 196, 201.

▪ We do not approve of the remarks concerning the "draft" or "Vietnam" as they had no appropriate place in the argument. However, it is inconceivable to us that these remarks affected the verdict. The verdict is fully justified under the evidence and the punishment that the jury inflicted obviously shows that it was not arrived at as a result of passion or prejudice as the proof for the Commonwealth established firmly all of the elements of the offense denounced by KRS 435.170. Appellant's defense was an ineffectual attempt to convince the jury that he fired the shotgun in self-defense. The maximum punishment that the jury could have inflicted was twenty-one years.

We find no prejudicial error in the record.

The judgment is affirmed.

All concur.