James RIDDLE, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

Feb. 27, 1979.

Jack Emory Farley, Public Advocate, Donna Boyce Proctor, Timothy T. Riddell, Asst. Public Advocates, Frankfort, for movant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for respondent.

CLAYTON, Justice.

James Riddle was tried in the Powell Circuit Court for the assault of Betty Coyle. During the course of the trial Jackie Riffe, a prosecution witness, testified that the assailant, whom he identified as movant, did not have any physical disability. On direct examination of movant, defense counsel attempted to discredit Riffe's identification by showing that movant did have a physical disability, an amputated finger on his left hand. On cross-examination the prosecutor, over objection, elicited testimony from movant that the amputation resulted from a gunshot wound he had inflicted upon himself in order to avoid military service. Movant was found guilty of second-degree assault and sentenced to imprisonment for eight years. The Court of Appeals affirmed by a divided panel. We granted discretionary review to consider whether introduction of evidence that movant voluntarily wounded himself to avoid military service constituted prejudicial error.

The Commonwealth concedes that the evidence in issue was irrelevant and should not have been introduced, but argues that the error was harmless. We cannot agree. We have on several occasions condemned even indirect references to draft evasion in criminal prosecutions for unrelated offenses. *Webb v. Commonwealth*, Ky., 451 S.W.2d 397, 399 (1970); *Stasel v. Commonwealth*, Ky., 278 S.W.2d 727, 729 (1955). In addition, we have consistently held that introduction of evidence of a similar nature (that defendant was a military deserter) amounted to reversible error. *Powell v. Commonwealth*, 308 Ky. 467, 214 S.W.2d 1002 (1948); *Moore v. Commonwealth*, 298 Ky. 14, 181 S.W.2d 413 (1944). Here this evidence was offered only to inflame the minds of the jurors. The error prejudiced movant's substantial rights, and we reverse.

The judgment is reversed, and the cause is remanded with directions for a new trial.

All concur.