COMMONWEALTH of Kentucky, Appellant,

v.

Vickie MORRISON, Appellee.

Supreme Court of Kentucky.

Dec. 22, 1983.

Steven L. Beshear, Atty. Gen., K. Gail Leeco, Asst. Atty. Gen., Frankfort, for appellant.

Fred Huggins, Appellate Public Advocate, Louisville, for appellee.

LEIBSON, Justice.

We have granted transfer of the Commonwealth's appeal to the Kentucky Court of Appeals for the purpose of securing a certification of the law upon a question of evidence raised during the trial of this case.

Vickie Morrison was tried for first-degree bail jumping when she failed to appear for arraignment on a felony charge. When the charge was first made by a warrant in the District Court, Ms. Morrison was released on $5,000 bond. Thereafter the bond money was returned to her at her request and her release continued on an unsecured bond. When she was indicted on the same charge, she failed to appear for arraignment.

The court clerk testified that Ms. Morrison was sent notice of the arraignment date. The trial court held that this evidence was sufficient to submit the bail jumping charge to the jury, although there was no proof that such notice was delivered.

As part of its case-in-chief, the Commonwealth called Ms. Morrison's probation and parole officer to give testimony that during the period in question Ms. Morrison was under supervision as a parolee, but failed to make scheduled appearances before the parole officer as required by the terms of her parole. After a hearing, the trial court sustained a defense objection to this testimony because it showed that Ms. Morrison had been convicted of a prior unrelated offense. The Commonwealth claims that this evidence was relevant as tending to prove that Ms. Morrison failed to attend although she knew of the arraignment.

With this evidence excluded, the jury acquitted Ms. Morrison. The issue on appeal is whether this evidence was erroneously excluded. At the point in the trial at which the evidence was offered and the ruling was made, the ruling of the trial court was proper. We affirm.

The Commonwealth contends that it was error to apply the rule excluding evidence of unrelated prior criminal conduct to the present situation. The Commonwealth cites *Jones v. Commonwealth,* Ky., 554 S.W.2d 363, 367 (1977):

"That evidence otherwise admissible is not made inadmissible merely because it shows an unrelated crime has been the established rule in this state from time immemorial."

On the other hand, Ms. Morrison *concedes* that it is sometimes proper to admit evidence of prior unrelated criminal activity, but contends that first there must be a sufficient showing of relevancy to the issues in the case:

"To be admissible over objection, evidence must tend to establish or disprove an issue in the case, and must be capable of affording legitimate proof, presumption or inference regarding a fact in issue." *Galbraith v. Winn,* Ky., 459 S.W.2d 153, 154 (1970).

For example, three cases where we held evidence somewhat similar in character was erroneously admitted are:

*Riddle v. Commonwealth,* Ky., 578 S.W.2d 51 (1979), "(I)ntroduction of evidence that movant voluntarily wounded himself to avoid military service constituted prejudicial error;" *Stallings v. Commonwealth,* Ky., 556 S.W.2d 4 (1977), "(E)vidence of Stallings' illicit love affair with his second wife, coupled with the evidence of the shooting death of his first wife, should not have been interwoven into the crime of murder for which Stallings was charged;" *Romans v. Commonwealth,* Ky., 547 S.W.2d 128 (1977), "It was prejudicial error to allow proof that as a result of the rape upon her

(the victim) had conceived and given birth to a child."

The answer to the recurring dilemma as to the admissibility of evidence in the present situation where relevancy is debatable lies in weighing the values, as revealed by this important quote from *Empire Metal Corp. v. Wohlwender,* Ky., 445 S.W.2d 685, 688 (1969):

> "Moreover, in the case before us, any remote evidentiary value that the details of the decedent's personal life may have had was far outweighed by the certainty that prejudice to the plaintiff's case in the minds of the jurors would result from the introduction of evidence showing in an ill light not only the decedent but the plaintiff as well."

Recently, the Kentucky Supreme Court upheld this rule in *O'Bryan v. Commonwealth,* Ky., 634 S.W.2d 153 (1982), reversing a conviction for murder by arsenic poisoning due to the introduction of evidence of the death of defendant's first husband by poisoning. We stated:

> "Ordinarily, such evidence does not tend to establish the commission of the crime. It tends instead to influence the jury, and *the resulting prejudice often outweighs its probative value.* Ultimate fairness mandates that an accused be tried only for the particular crime for which he is charged. *Id.* at 156." (Emphasis added).

■ In short, when dealing with evidence of a litigant's prior misconduct, where such evidence is debatably or remotely relevant, the trial court must decide whether the *probative* value of the evidence outweighs its *inflammatory* nature. If it does, the evidence is admissible. Otherwise, it is not.

Here, the fact that the Commonwealth offered the testimony of the parole officer during its case-in-chief is critical to the decision. After the Commonwealth rested, Ms. Morrison took the stand and testified that she was not informed she would need to appear in court again and went to Florida under the impression that the charges against her were dropped. She further testified that she never received notice her bond had been forfeited and that she never intentionally failed to appear in court.

When Ms. Morrison introduced this testimony implying she was free to go to Florida if she wished, had the Commonwealth *then* offered the testimony of the parole officer it would have had added probative value to contradict her on this point. The probative value of the parole officer's testimony on this subject would then outweigh its inflammatory nature, and justify its admissibility. But of course this was not the order of proof.

In answer to the question certified, in the particular circumstances in which the trial court made its ruling, the decision to exclude the evidence was proper. The law is so certified.

STEPHENS, C.J., and AKER, GANT and LEIBSON, JJ., concur.

STEPHENSON, VANCE and WINTERSHEIMER, JJ., feel that this is not a proper case for certification of the law and further believe that the certification herein by the majority extends beyond the question about which certification was requested.