**Brent V. McMAHAN, Sr., Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2006–CA–001602–MR.

Court of Appeals of Kentucky.

Nov. 30, 2007.

Linda Roberts Horsman, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Louis F. Mathias, Jr., Assistant Commonwealth Attorney, Frankfort, KY, for appellee.

Before DIXON and LAMBERT, Judges; ROSENBLUM,[1] Senior Judge.

## OPINION

DIXON, Judge.

Appellant, Brent McMahan, Sr., was convicted in the Carroll Circuit Court on a misdemeanor charge of third-degree unlawful transaction with a minor. He was sentenced to twelve months imprisonment and appeals to this Court as a matter of right. We reverse and remand the matter to the lower court.

In early December 2005, Appellant's teenage son hosted a party at Appellant's home. There is no dispute that Appellant was present at the party and provided the underage guests with alcohol. In the early morning hours that followed the party, Appellant engaged in sexual intercourse and oral sex with his son's girlfriend, J.M.

On December 30, 2005, J.M. accused Appellant of rape and sodomy relating to the activity on the night of the party. Appellant was arrested and later indicted for first-degree rape, first-degree sodomy, and third-degree unlawful transaction with a minor for providing alcoholic beverages at the party.

At trial, Appellant's defense to the sexual offenses was that it was consensual. And, in fact, the jury acquitted Appellant of both charges, finding that J.M. was not

1. Senior Judge Paul Rosenblum sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

"physically helpless" when she entered Appellant's bedroom on the night in question. During closing arguments, defense counsel admitted that Appellant was guilty of the misdemeanor charge by providing alcohol to minors stating, "We have no defense for that. . . . It's factual. There is no defense." The jury subsequently found Appellant guilty of third-degree unlawful transaction with a minor.

During the penalty phase closing arguments, the prosecutor told the jury,

> Whatever you do with regard to punishment sends a message not only to— [objection]—not only to the Defendant who needs a message about this type of conduct, but it lets other folks within the community know what you are going to condone with regard to children of this community. It is imperative that adults act like adults, and that includes not supplying alcohol to minors. And it is an important decision that you are about to make. And on behalf of the prosecution and the Commonwealth I'm asking that you give a year in the penitentiary to send the message.

Defense counsel's objection was overruled. The jury thereafter recommended a sentence of twelve months imprisonment and a $500 fine, the maximum penalty allowed. The trial court entered judgment accordingly and this appeal ensued.

█ Appellant's sole argument on appeal is that he was prejudiced and denied due process of law when the prosecutor urged the jury to punish Appellant to send a message to the community. We must agree.

The Kentucky Supreme Court recently revisited this issue in *Brewer v. Commonwealth,* 206 S.W.3d 343 (Ky.2006), wherein the Court was presented with a similar penalty phase closing argument by the

Commonwealth. However, *Brewer* has two important distinctions from the case herein. First, Brewer's counsel failed to object to the prosecutor's comments, and thus the issue was analyzed under the more stringent palpable error standard. RCr[2] 10.26. *Id.* at 349. Second, Brewer's counsel implored the jury for mercy and leniency in sentencing based on Brewer's age, poor health, and lack of prior felony convictions. Although the Supreme Court looked upon the prosecutor's closing argument with disfavor, it refused to reverse the case because of the lack of preservation and defense counsel's plea for mercy. *Id.* at 350. *See also Commonwealth v. Mitchell,* 165 S.W.3d 129 (Ky.2005) *and Young v. Commonwealth,* 25 S.W.3d 66 (Ky.2000). Notably, however, the Court commented,

> Lest this opinion be misconstrued, we do find that the Commonwealth's exhortation to this jury to "send a message" to the community was improper. We strongly urge the prosecutors throughout the Commonwealth to use extreme caution in making similar arguments. Indeed, had a timely objection been made, we may have found the Commonwealth's comments to constitute reversible error.

*Brewer* at 351.

█ The Commonwealth is certainly correct that counsel has wide latitude in making opening and closing arguments. *Lynem v. Commonwealth,* 565 S.W.2d 141 (Ky.1978); *see also Wheeler v. Commonwealth,* 121 S.W.3d 173, 180 (Ky.2003), *cert. denied,* 541 U.S. 1051, 124 S.Ct. 2180, 158 L.Ed.2d 746 (2004). And, a prosecutor may use the closing argument to "persuade the jurors the matter should not be dealt with lightly." *Harness v. Commonwealth,* 475 S.W.2d 485, 490 (Ky.1971),

---

**2.** Kentucky Rules of Criminal Procedure.

*cert. denied,* 409 U.S. 844, 93 S.Ct. 46, 34 L.Ed.2d 84 (1972). But, the Commonwealth is not at liberty to place upon the jury the burden of doing what is necessary to protect the community. *King v. Commonwealth,* 253 Ky. 775, 70 S.W.2d 667 (1934); *see also Stasel v. Commonwealth,* 278 S.W.2d 727 (Ky.1955). "While it is the duty of the prosecutor to advance the Commonwealth's case with persuasiveness and force, he or she has a concomitant duty not to derogate from a fair and impartial criminal proceeding." *Mitchell, supra,* at 132–33.

Unlike *Brewer, King and Mitchell,* defense counsel herein made a contemporaneous objection to the prosecutor's comments. Moreover, counsel did not seek leniency for Appellant in either the guilt phase or penalty phase closing arguments. In fact, Appellant raised no defense to the misdemeanor charge, fully admitting that he provided alcohol to minors. As such, we simply can find no justification for the prosecutor's comments. We observe that the prosecutor herein was the same prosecutor at issue in the *Brewer* case. Clearly, he was on notice that utilizing the "send a message" argument was risky, at best. Although the comments in this case do not rise to the level of palpable error as pointed out in *Brewer, supra,* we conclude that they do constitute reversible error herein.

Appellant's sentence is vacated and the matter is remanded to the Carroll Circuit Court for a new sentencing hearing.

ALL CONCUR.